# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARVIN MARMOLEJOS, and KEVIN WILLIAMS (aka Kirby Stewart) | |
| *Plaintiffs*, | Civil Case No. 17-cv-13 |
| v. | ORDER ADOPTING THE REPORT AND RECOMMENDATION |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, and GLOBAL TEL*LINK CORP., | |
| *Defendants*. | |

# ORDER

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Susan Paradise Baxter (ECF 135) recommending that the Court grant the Motion to Dismiss filed by Defendant Pennsylvania Department of Corrections (ECF 38). Plaintiffs timely filed objections to the R&R. (ECF 138). Having reviewed the Report and Recommendation, Plaintiffs' objections thereto, the record of the case, and the relevant law, the Court HEREBY ADOPTS the Report and Recommendation and GRANTS Defendant's Motion to Dismiss.

Plaintiffs, Marvin Marmolejos and Kevin Williams, acting *pro se*, filed this purported class action pursuant to 42 U.S.C. § 1983 on January 18, 2017. Plaintiffs complain that computer tablets offered for purchase by Global Tel*Link through a Department of Corrections program are overpriced and faulty for several reasons. Plaintiffs allege that the Pennsylvania Department of

Corrections and Global Tel*Link are liable for false advertising, fraud, misrepresentation, and gross negligence.

Defendant Global Tel*Link has filed an answer, while Defendant Department of Corrections has filed a motion to dismiss. (ECF 36; ECF 38.) As the bases for dismissal of this action, Defendant Department of Corrections argues that it is not amenable to suit because it is not a person as required for the purposes of § 1983 and that it is entitled to immunity under the Eleventh Amendment. The R&R finds these arguments meritorious, and recommends dismissal.

The R&R is plainly correct. Eleventh Amendment immunity prevents Plaintiffs from suing the Department of Corrections as a matter of law. "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, *see* Pa. Stat. Ann., tit. 71, § 61, it shares in the Commonwealth's Eleventh Amendment immunity." *Lavia v. Pennsylvania Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). Pennsylvania has not waived this immunity. 42 Pa. Cons. Stat. § 8521(b). Accordingly, it is not subject to suit.

In their objections to the R&R, Plaintiffs contend that in resolving a motion to dismiss the Court must assume that every fact alleged in the complaint is true. While this is correct, the Department of Corrections may not be sued under any set of facts unless immunity has been waived or abrogated by Congress. *Lavia*, 224 F.3d at 195. Neither exception has occurred here.

Next, Plaintiffs contend that the Eleventh Amendment does not bar lawsuits against state officials. While this is also correct, Plaintiffs have sued the Department of Corrections, which is a state agency, not a state official. Plaintiffs explain that they intend to sue the "Defendant(s) in

their 'personal' capacity and in their 'official' capacity." (ECF 138 at 6.) Because the Department of Corrections is not a person, this is not possible.

Finally, Plaintiffs reiterate the merits of their allegations and argue that dismissal of their case is unjust. However, the case is not being dismissed. Plaintiffs may proceed with their claims against Defendant Global Tel*Link. Only Defendant Department of Corrections is dismissed from the lawsuit at this time.

**SO ORDERED.**

DATED this 12th day of March, 2018.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE